IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARDA MANAGEMENT GROUP, LLC | § § § § § § § § § § | |
| Plaintiff | | |
| vs. | | Civil Action No. 4:24-cv-00009 |
| ELS, LLC | | |
| Defendant | | |

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT ELS, LLC**

Plaintiff Darda Management Group, LLC ("Plaintiff") requests the Court, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, enter default judgment in the amount of $627,387.36 against Defendant ELS, LLC ("Defendant"). In support of this request, Plaintiff relies upon its declaration (Exhibit 1) and the declaration of its attorney (Exhibit 2).

### I.  Factual and Procedural History

1. On January 2, 2024, Plaintiff filed its Original Complaint ("Complaint") against Defendant. Plaintiff alleges in the Complaint that Defendant breached the five (5) year Vehicle Lease Agreement ("Lease") when it failed to pay Plaintiff the monthly rent due under the Lease for June through December 2023. (ECF No. 1). Plaintiff further alleges that Defendant is liable for conversion for its failure to return the fourteen (14) 40' GN chassis ("Chassis") Plaintiff leased to Defendant. (*Id*).

2. Plaintiff alleges that all the elements of breach of contract have been met. *See Id*. The elements are 1) the existence of a valid contract between Plaintiff and Defendant where Plaintiff agreed to lease the Chassis to Defendant in exchange for monthly rental payments; 2)

Plaintiff fully complied with the contract; 3) Defendant breached the contract for failing to pay Plaintiff the monthly rent due under the contract for June through December 2023; and 4) Plaintiff suffered damages, as a result of Defendant's breach of contract. (*See Id).*

3. Plaintiff further alleges that all elements of its conversion claim have been met. *See Id*. The elements include 1) Plaintiff owned or had legal possession of the Chassis; 2) Defendant unlawfully and without authorization assumed and exercised dominion and control over the Chassis, to the exclusion of, or inconsistent with, Plaintiff's rights as an owner; 3) Plaintiff demanded the return of the Chassis; 4) Defendant refused to return the Chassis; and 5) Plaintiff suffered actual damages, as a result of Defendant's conversion. (*See Id*).

## II.     Argument and Authorities

4. An entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). After default has been entered, plaintiff may apply for a judgment based on such default. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

**A.     An Entry of Default Judgment is Procedurally Warranted because Defendant Failed to Answer the Complaint.**

5. In determining whether a default judgment is warranted, courts consider whether the entry of default judgment is procedurally warranted. See *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Defendant failed to file an answer within twenty-one (21) days of service of the summons and Complaint. Plaintiff moved for entry of default. (ECF No. 8). The court granted Plaintiff's request for entry, holding that "Defendant failed to plead or otherwise defend in this case as required by law." (ECF No. 9).

**B.    There is a Sufficient Basis in the Pleadings for a Default Judgment.**

6.    Courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In doing so, courts are to assume that due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. Id.

7.    Further, the default judgment that is warranted for Defendant's failure to answer the Complaint or Defendant's failure to respond to the Magistrate Judge's recommendation that default judgment be granted shows that Defendant concedes the truth of the allegations of the Complaint as to the Defendant's liability. *Jackson v. FIE Corp.*, 302 F.3d 515, 521, 524-25 (5th Cir. 2002). In this case, the Complaint and subsequent default establishes the following facts:

- Plaintiff owns several lightweight vehicle chassis that it leases to customers for the transportation and/or storage of containers and general commodities. (ECF No. 1, ¶ 8).
- Defendant is a trucking company that transports and delivers freight across the Continental United States. (ECF No. 1, ¶ 9).
- On or around May 3, 2022, Plaintiff and Defendant entered into the Lease, whereby Plaintiff agreed to lease the Chassis to Defendant in exchange for monthly rental payments. (ECF No. 1, ¶ 10).
- In or around June 2022, Plaintiff delivered the Chassis to Defendant. (ECF No. 1, ¶ 11).
- From June 2022 through May 2023, Defendant timely made payments pursuant to the Lease. (ECF No. 1, ¶ 12).
- On or around June 1, 2023, Defendant failed to timely make payments for its use of the Chassis during June 2023. (ECF No. 1, ¶ 13).

- From June 2023 through September 2023, Plaintiff sent reminders and demands to Defendant for payment of the amounts owed under the Lease. (ECF No. 1, ¶ 14).

- On or around November 10, 2023, Plaintiff sent Defendant a final demand notice, demanding payment for the outstanding balance owed under the Lease. (ECF No. 1, ¶ 15).

- On or around November 21, 2023, Defendant made a partial payment for the outstanding balance owed to Plaintiff under the Lease. (ECF No. 1, ¶ 16).

- To date, Defendant has made no further payments to Plaintiff. (ECF No. 1, ¶ 17).

- On or around December 7, 2023, Plaintiff sent Defendant a Notice of Termination, Notice of Acceleration, and Demand for Payment letter ("Notice Letter"). (ECF No. 1, ¶ 18).

- The Notice Letter informed Defendant that Plaintiff was terminating the Lease, accelerating the remaining payments due, and demanding payment for the accelerated amounts under the Lease. The Notice Letter additionally demanded the return of the Chassis to Plaintiff. (ECF No. 1, ¶ 19).

- Defendant has neither returned the Chassis nor paid the $409,500.00 owed to Plaintiff under the Lease. (ECF No. 1, ¶ 20).

When these allegations are taken as true, they clearly meet the elements necessary to prove Defendant's liability for Plaintiff's breach of contract and conversion claims. Therefore, the Court should enter a default judgment against Defendant.

**C.   Damages are Mathematically Calculable**

8.   Courts determine "what form of relief, if any, the [plaintiff] should receive." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex.

2008). When the damage amount claimed is mathematically calculable, no evidentiary hearing is required. See *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Instead, damages are determined by detailed affidavits and documentary evidence. See *Leedo Cabinetry v. James Sales & Distribution, Inc.*, 157 F.3d 410, 414 (5th Cir. 1998); see also Compass Bank v. Alarcon, No. 5:16-CV-66, 2017 WL 3253096, at *1 (S.D. Tex. Feb. 24, 2017).

**D.    Plaintiff's Damages**

9.      Plaintiff's claims for actual damages, attorney's fees, pre-judgment and post-judgment interest, and costs are appropriate. By failing to respond to the Complaint, Defendant has admitted to all facts pleaded in Plaintiff's complaint. *See Nishimatsu Const.Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.").

**i.    Breach of Contract Damages**

10.     Based upon Plaintiff's counsel's communication with Plaintiff and its declaration submitted in support of this Motion, Plaintiff sent the Notice Letter to Defendant, terminating the Lease and accelerating the remaining payments due. (Ex. 1, at ¶ 13; Ex. A). Defendant owes Plaintiff $409,500.00 as the accelerated amount due under the Lease. (*Id*. at ¶ 13; Ex. B & C). Plaintiff requests this Court enter default judgment of $409,500.00, including pre-judgment and post-judgment interest, against Defendant for breach of contract.

**ii.    Conversion**

11.     Based upon Plaintiff's counsel's communication with Plaintiff and its declaration submitted in support of this Motion, Defendant has failed to return the Chassis to Plaintiff. (*See* Ex. 1, at ¶ 14). Plaintiff's calculations of the market value of the Chassis is $206,136.00. (*Id*; Ex.

D). Plaintiff requests this Court enter default judgment of $206,136.00, including pre-judgment and post-judgment interest, against Defendant for conversion.

### iii. Plaintiff's Attorney's Fees

12. Plaintiff is entitled to its reasonable attorney's fees and costs. Tex. Civ. Prac. & Rem. Code § 38.002 authorizes an award of attorney's fees if 1) the claimant is represented by an attorney; 2) the claimant presents the claim to the opposing party or to a duly authorized agent of the opposing party; and 3) payment for the just amount owed is not tendered before the expiration of the 30th days after the claim is presented. Tex. Civ. Prac. & Rem. Code § 38.002(1)-(3). Further, the Lease authorizes an award of attorney's fees if Plaintiff successfully enforces its rights under the Lease. (See Ex. 2; Ex A at ¶ 14).

13. Plaintiff's counsel provided a declaration which states that Plaintiff's attorney's fees to date are $11,157.50. (*See* Ex. 2; Ex A). Additionally, Plaintiff is entitled to reimbursement of costs under 28 U.S.C. §1920 and has incurred costs of $593.86 for the filing fee, service of process fees, and administrative fees (*Id)*.

## REQUEST FOR RELIEF

For these reasons, Plaintiff Darda Management Group, LLC asks this Court to grant its Motion for Default Judgment against Defendant ELS, LLC pursuant to Federal Rule of Civil Procedure 55(b)(1) in the principal amount of $615,636.00, including post-judgment interest, plus $11,157.50 in attorney's fees and $593.86 in costs for a total of $627,387.36.

Respectfully submitted,

**THE GREENWOOD LAW FIRM, PLLC**

*/s/ Sean Greenwood*
Sean Greenwood

*Attorney in Charge*
SBN: 08408730
SDTX No:15015
1415 North Loop West., Ste. 1250
Houston, TX 77008
Tel: (832) 356-1588
Fax: (832) 356-1589

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2024, I electronically filed a true and correct copy of the foregoing with the Clerk of Court using CM/ECF, and served it on the following via certified and regular mail:

ELS, LLC
c/o Brett T. Butts
210 Hamp Drive
Kenly, NC 27542

*/s/ Sean Greenwood*
Sean Greenwood